UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Lewis Carter, Jr., #252159, <br> *aka Raymond L. Carter, Jr.,* <br><br> Petitioner, <br><br> vs. <br><br> Warden R. Bollinger, <br><br> Respondent. | C/A No. 4:12-1487-JFA-TER <br><br><br><br><br> REPORT AND <br> RECOMMENDATION |

The petitioner, Raymond Lewis Carter, Jr. ("Petitioner"), is a state prisoner proceeding *pro se*, who brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review such petitions and submit findings and recommendations to the District Court.

## *PRO SE* HABEAS REVIEW

This court is charged with reviewing the Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. This court is also required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear

failure to set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## DISCUSSION

The § 2254 petition filed in this case is Petitioner's third request in this Court for federal habeas relief pursuant to § 2254. *See Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949) (district court may take judicial notice of materials in the court's own files from prior proceedings). Petitioner's first § 2254 petition, filed in 2002 and considered on the merits after respondent filed a return, was dismissed as untimely filed. *See Carter v. Rushton*, C/A No. 4:02-4133-HMH-TER (D.S.C.). Petitioner's second § 2254 petition, filed in 2010, was dismissed as a second or successive petition. *See Carter v. Rushton*, C/A No. 4:10-3167-HMH-TER (D.S.C.). Petitioner appealed the dismissal of his second petition, and his appeal was considered by the Fourth Circuit as an application to file a second or successive § 2254 petition, which was denied. *Carter v. Warden*, 446 Fed.Appx. 635, 2011 WL 4098282 (4th Cir. September 15, 2011).

Petitioner's current § 2254 habeas petition is also successive. As explained to Petitioner in his prior successive § 2254 action, he must obtain permission from the Court of Appeals for the Fourth Circuit before he may file a second or successive § 2254 petition challenging his 1998 convictions for murder, attempted robbery, and firearm possession. *Id.* Petitioner's current § 2254 petition appears to rely on recent Supreme Court decisions in arguing that his current petition should be considered by this court. ECF No. 1; see also ECF No. 1-1. However, Petitioner's arguments concerning Supreme Court decisions do not change the statutory requirement for Petitioner to receive permission from the Fourth Circuit before filing a successive § 2254 petition in this court.

28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This court does not have jurisdiction over Petitioner's current § 2254 petition, because Petitioner did not first obtain permission from the Fourth Circuit to file this successive § 2254 petition.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner's § 2254 petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by the Respondent.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

September 27, 2012  
Florence, South Carolina

**Petitioner's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).